**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| PRAIRIELANDS FREEDOM FUND,        )<br>       )<br>    *Plaintiff,*      )<br>       )<br>    v.        )<br>       )<br>U.S. IMMIGRATION AND CUSTOMS   )<br>ENFORCEMENT,     )<br>       )<br>    *Defendant.*     )<br>       ) | Case No.: 3:26-cv-39<br><br>COMPLAINT UNDER THE<br>FREEDOM OF INFORMATION ACT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE
FREEDOM OF INFORMATION ACT**

### I.    INTRODUCTION

1.      Plaintiff Prairielands Freedom Fund ("Prairielands") submitted a

Freedom of Information Act ("FOIA") request to Defendant Immigration and Customs

Enforcement ("ICE") on March 3, 2026. Defendant ICE has failed to make a

determination on the FOIA request and failed to disclose the requested documents

within the time prescribed by FOIA.  5 U.S.C. § 552(a)(6)(A)(i). Therefore, Plaintiff now

files this action for injunctive and other appropriate relief under the Freedom of

Information Act, 5 U.S.C. § 552.

2.      A response to Plaintiff's FOIA is more than 30 days overdue. Under 5

U.S.C. § 552(6), the agency is allowed a 20-day period to respond and should have

responded by March 31, 2026. An agency may extend the 20-day deadline by up to 10

working days by claiming "unusual circumstances," which ICE invoked here. 5 U.S.C. §

552(6)(B). With the extension, the response should have been provided by April 14, 2026. More than 50 days have passed since March 3, 2026.

3.      Plaintiff Prairielands seeks records from Defendant ICE relating to immigration detention contracts, including: Intergovernmental Service Agreements ("IGSA"), Basic Ordering Agreements, Inspection Information in the form of records, reports, and results ("Inspection Reports"), and any policies that Department of Homeland Security ("DHS") and ICE utilizes to determine which detention facilities they contract with to detain non-citizens ("Contract Policies"). *See* Ex. 1.

4.      Prairielands has yet to receive a timely determination from ICE regarding the properly submitted FOIA request made over 50 days ago on March 3, 2026.

5.      On May 11, 2026, ICE sent its first communication to Prairielands, acknowledging receipt of the FOIA and invoking the 10-day extension. ICE did not request this extension within the statutory 20-day response period. Instead, ICE sought an extension 39 days after its response was already due under FOIA, and well after the agency had fallen out of compliance under 5 U.S.C. § 552(A)(6). A proper invocation of the 10-day extension would have made ICE's determination due on April 14, 2026. Any determination made by ICE now falls outside of that window.

6.      Prairielands followed the proper channels to submit the FOIA request to ICE and described the needed documentation in the request with specificity. Since ICE has failed to provide the requested documentation within the statutory timeframe of 20 days, and only sought to invoke the 10-day extension well past the response deadline, this complaint is now ripe for judicial review under 5 U.S.C. § 552(6).

## II.    JURISDICTION AND VENUE

7.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (district courts "ha[ve] jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"). Because this action arises under FOIA against a federal agency, this Court also has jurisdiction over the action pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction to grant declaratory relief and any further relief that is necessary or proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 2201–2202.

8.    Since ICE failed to respond to Plaintiff Prairielands' FOIA request, Plaintiff has exhausted all administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C). Therefore, this Court has jurisdiction over this action without Plaintiff Prairielands filing an administrative appeal. 5 U.S.C. § 552(a)(6)(C).

9.    Venue for this FOIA lawsuit is proper because Prairielands is both domiciled and has its principal place of business in Iowa City, Iowa, which falls in the jurisdiction of the Southern District of Iowa. 5 U.S.C. § 552(a)(4)(B).

## III.    PARTIES

10.    Plaintiff Prairielands is a 501(c)(3) non-profit organization of immigration attorneys, legal workers, grassroots advocates, and others working to defend immigrants' rights and to secure a fair administration of immigration law. Plaintiff Prairielands submitted a FOIA request to ICE through counsel on March 3, 2026.

11.    Defendant ICE is an agency of the U.S. government under 5 U.S.C. § 552(f)(1) and has possession of and control over the records Prairielands seeks. ICE

3

has a nondiscretionary duty to promptly make available records properly requested under 5 U.S.C. § 552(a)(3).

## IV.    LEGAL BACKGROUND

12.    The Freedom of Information Act ("FOIA") is a statute that requires federal agencies to disclose governmental information to the public. *See* 5 U.S.C. § 552; *see also* The Freedom of Information Act (FOIA): A Legal Overview, https://www.congress.gov/crs-product/R46238 (last visited April 23, 2026). If a requester submits a valid request, an agency must execute an "adequate" or "reasonable" search. *See id.*; *see also Hamdan v. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015).

13.    After receiving the request, an agency must determine whether to comply with such request and then must "immediately notify" the requester of its "determination and the reasons thereof," as well as notify the requester about the rights related to appealing an "adverse determination." 5 U.S.C. § 552(a)(6)(A)(i)(I), (III)(aa). Agencies must disclose the requested information to the public unless it falls under one of the FOIA exemptions. *See* 5 U.S.C. § 552(b)(1)-(9).

14.    When an agency fails to comply with the public's FOIA request, the requester is able to file a FOIA lawsuit in federal district court. 5 U.S.C § 552(a)(4)(B). "[T]he court shall determine the matter de novo." *Id.*

15.    Lawsuits may be filed when the agency has been slow to answer a FOIA request, does not conduct a proper search for documents, or improperly applies an exemption to withhold or redact documents from the requester. *See* 5 U.S.C § 552(a).

16.    Before filing a lawsuit, if the requested agency responds to the FOIA request, but the requester does not find the response was adequate, the requester must

first file an administrative appeal to properly exhaust remedies before going to court. 5 U.S.C. § 552(a)(6)(A)(III). An administrative appeal is unnecessary where the agency fails to respond altogether.

17.    Moreover, an inadequate search for records by an agency can constitute an improper withholding under FOIA. *See Lockett v. Wray*, 271 F. Supp. 3d 205, 208 (D.D.C. 2017).

## V.    STATEMENT OF FACTS

### A.  Background

18.    Prairielands is a non-profit organization based in Iowa City, Iowa, that pays immigration bonds and pretrial bail for immigrants subject to detention. *See* Prairielands Freedom Fund (last visited Apr. 8, 2026), https://www.prairielandsfreedomfund.org/. The organization's goals are to support the liberty interests of all individuals, support immigrant community members that cannot afford bail, ensure government accountability, and reunite loved ones with their families. *See* id.

19.    Prairielands supports detained immigrants in eleven Midwestern states: Iowa, Minnesota, Nebraska, North Dakota, South Dakota, Ohio, Michigan, Missouri, Illinois, Indiana, and Wisconsin ("Eleven States").

20.    On March 3, 2026, Prairielands filed a FOIA request under 5 U.S.C. § 552 seeking IGSAs, IGAs, Basic Ordering Agreements, Inspection Records, and Contract Policies to both the U.S Marshalls Service ("USMS") and ICE. *See* Ex. 1 at 1-2.

21.    Prairielands filed the FOIA request to help the organization to: (1) provide attorneys with information regarding the location of their detained clients; (2) provide

5

family members with information regarding the location of their loved ones; and (3) provide communities with transparency regarding detention facilities in their communities.

22.    USMS timely responded to the request and provided updates to Prairielands. USMS delivered to Prairielands some records and information related to the FOIA request, but the response did not include all the information requested. Prairielands is appealing USMS's response.

23.    Additionally, USMS referred Prairielands to file a FOIA request to ICE for information USMS claimed they did not have access to, but it believed ICE had. Prairielands mailed an administrative appeal regarding USMS's response on April 29, 2026.

24.    ICE, however, ignored Prairielands' FOIA request entirely until May 11, 2026. *See* Ex. 2. ICE did not provide any update or response to Prairielands' FOIA request within the 20-day statutory response period. ICE failed to provide a timely written notice to invoke the 10-day extension, only seeking it 39 days after the response was due. Any determination made by ICE now, falls outside of the statutory window.

### B.  Intergovernmental Service Agreements

25.    ICE contracts with local jails in the Midwest to multiply detention space for detainees held in immigration custody. *See* Ellyn Jameson, *ICE Detention through U.S. Marshals Agreements,* 35 GEO. IMMIGR. L. J.  279, 281-283 (2020). These contracts are known as intergovernmental service agreements ("IGSA"). *Id* at 281.

26.    As of May of 2026, ICE has made public certain detention facility documents, however, none of these records match the information requested by

Prairielands. *See* ICE FOIA Library, https://www.ice.gov/foia/library (last visited May 5, 2026); *see also* Ex. 1 at 1-2. ICE has not made public any IGSAs dated past August 16, 2016. ICE FOIA Library, https://www.ice.gov/foia/library (last visited May 5, 2026). ICE's website provides a FOIA library that lists various types of electronic records for the public. FOIA requires agencies to provide this information in electronic form. *See id; see also* 5 U.S.C § 552(a)(2).

### C. Inspection Information

27.     The DHS Office of the Inspector General, DHS Office of the Immigration Detention Ombudsman, and the ICE Office of Detention Oversight within ICE's Office of Professional Responsibility conduct "inspections and audits" of ICE detention facilities. U.S Immigration and Customs Enforcement, https://www.ice.gov/detain/facility-inspections (last visited May 5, 2026).

28.     ICE Enforcement and Removal Operations Detention Service Managers and Detention Standards Compliance Officers conduct reviews to "identify deficiencies, areas of concern, contract and facility issues, and to facilitate corrective actions." *Id.*

29.     ICE Enforcement and Removal Operations retains a third-party inspection contractor which conducts "regular inspections." *Id.*

30.     ICE claims to have made public "all facility inspection reports submitted by the third-party contractor" since May of 2018. However, none of these third-party reports have been posted since September of 2022. *Id.*

### D. Policies for Contracting

31.     Under 5 U.S.C § 552(a)(1)(A)-(E), ICE must "separately state and currently publish in the Federal Register for the guidance of the public" public

information which includes agency rules, opinions, orders, and proceedings. This information includes "rules of procedure, description of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations." *See* 5 U.S.C § 552(a)(C).

32.    ICE has not made public any policy regarding the process by which it determines which Detention Facilities to contract with.

## VI.    CLAIMS FOR RELIEF

### <u>COUNT I</u>

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond to FOIA Request in the Time Required**

33.    The allegations in the above paragraphs are realleged and incorporated here.

34.    ICE has a nondiscretionary duty to respond to a FOIA request within the timeline Congress established: 20 days, excluding Saturdays, Sundays, and legal public holidays. 5 U.S.C. § 552(a)(6)(A)(i).

35.    ICE has failed to produce a timely response. Prairielands filed the FOIA request on March 3, 2026. With the ten-day extension, ICE had until April 14, 2026, to timely respond to the FOIA request pursuant to 5 U.S.C. § 552(6). However, ICE has not responded to Prairieland's request. ICE's failure to make the requisite determination and to communicate it to Prairielands within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT II

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failing to make Reasonable Efforts to Search for Records**

36.     The allegations in the above paragraphs are realleged and incorporated herein.

37.     ICE has violated their legal obligations under FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

38.     ICE has failed to conduct a reasonable search of records because they failed to provide any responsive records in compliance with Prairielands' proper FOIA request. Prairielands filed the FOIA request on March 3, 2026. With the ten-day extension, ICE had until April 14, 2026, to timely respond to the FOIA request pursuant to 5 U.S.C. § 552(6). However, ICE has not responded to Prairieland's request.

39.     Prairielands has a legal right to these ICE records, and no basis or exception exists to justify ICE's failure to provide Prairielands with a reasonable search for the requested records.

## COUNT III

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Wrongfully Withholding Records**

40.     The allegations in the above paragraphs are realleged and incorporated herein.

41.     ICE is wrongly withholding agency records by failing to produce non-exempt records responsive to Prairielands' request. Prairielands filed the FOIA request on March 3, 2026. With the ten-day extension, ICE had until April 14, 2026, to timely

respond to the FOIA request pursuant to 5 U.S.C. § 552(6). However, ICE has not responded to Prairieland's request.

42.    ICE is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Prairielands' FOIA request.

43.    Prairielands has a legal right to obtain such records, and no legal basis exists for ICE's failure to disclose them.

44.    ICE's failure to disclose requested records violates their statutory obligations to make requested records promptly available to the public. under 5 U.S.C. § 552(a).

## VII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court:

a.   Assert jurisdiction in this matter;

b.   Declare Defendants ICE's withholding of the requested records in response to Prairielands' FOIA request as unlawful;

c.   Declare Defendant ICE's failure to provide Prairielands with the requested IGSAs, BOAs, Inspection Reports, and Contract Policies available to them by electronic means as unlawful;

d.   Order Defendants ICE to make the requested records available to Prairielands without delay and at no cost;

e.   Order Defendants to grant Prairielands' fee waiver pursuant to 5 U.S.C § 552(a)(4)(A)(iii).

f.  Award Prairielands its costs and reasonable attorneys' fees pursuant to FOIA, 5

U.S.C. § 552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. § 2412, as

applicable; and

g.  Award such other relief as this Court deems just and proper.

Dated: May 14, 2026                              Respectfully submitted,

*/s/ Katherine Melloy Goettel*
KATHERINE MELLOY GOETTEL
LAUREL JENKS*
ANGELA PANDIT*
ALEXANDER BERNARD*
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52242-1113
Telephone: (319) 335-9023
Email: kate-goettel@uiowa.edu

*Counsel for Plaintiff*


* Motion for Law Student Practitioner
forthcoming

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 14, 2026, I served the forgoing document via CM/ECF and have directed that this document be mailed via registered certified mail to each defendant, the U.S. Attorney General, and the U.S. Attorney's Office for the Southern District of Iowa.

Dated: May 14, 2026            Respectfully submitted,

<u>*/s/ Katherine Melloy Goettel*</u>
Katherine Melloy Goettel
*Counsel for Plaintiff*