# Plaintiffs' Exhibit 1

## FOIA Request to ICE

March 3, 2026

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009

Prairielands Freedom Fund ("PFF") submits this request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Requester seeks intergovernmental service agreements, basic ordering agreements, facility inspection results, and records maintained by U.S. Immigration and Customs Enforcement ("ICE") for any facilities in Iowa, Minnesota, Nebraska, North Dakota, South Dakota, Ohio, Michigan, Missouri, Illinois, Indiana, and Wisconsin (hereinafter "Eleven States"). Requester seeks a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

### 1.  Request for Information & Compliance

Prairielands seeks the following records pursuant to 5 U.S.C. § 552(a)(3):

### A.  Intergovernmental Service Agreements

1)  All intergovernmental service agreements ("IGSA") between ICE and any state, county and city jail or detention facility (hereinafter "Detention Facilities") within the states listed above, in which ICE detains non-citizens, currently or has plans to in the future. "All IGSAs" include any IGSA in existence between January 1, 2017, to present and includes IGSAs that have since expired and those created before January 1, 2017, but are still active after January 1, 2017.

2)  All records related to the IGSAs discussed in Request Number 1. This request covers all records created or modified between January 1, 2017, to present, and includes records that modify documents that were created prior to January 1, 2017.

3)  All basic ordering agreements ("BOA"), between ICE and any state, county, or city jails or detention facilities in which the local facility has agreed to hold non-citizens on behalf of ICE or has agreed to provide bed space for ICE detainees.

4)  All intergovernmental agreements ("IGA") between the United States Marshal Service and any Detention Facilities from these Eleven States in which ICE is listed as an "authorized agency user" or in which ICE is authorized to use the contract to detain non-citizens.

5)  All BOAs that ICE has with any local detention facilities for the purpose of the detention of non-citizens.

### B. Inspection Information

6) All facility inspection results, reports, and records relating to the Detention Facilities in each of the Eleven States at which ICE detains non-citizens, including those conducted by DHS and its sub-agencies, as well as city, county, and state governmental bodies.

7) All facility inspection results, reports, and records from inspections conducted by private entities with whom ICE has contracted to conduct inspections. Even if the inspection results are held by some private company, these records are still subject to the FOIA. *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989).

### C. Policies for Contracting

8) Any policies DHS or ICE utilizes in determining which Detention Facilities with which to contract for the detention of non-citizens.

This request covers records dated January 1, 2017, to present. The request covers states in which Prairielands works with clients and their families: Iowa, Minnesota, Nebraska, North Dakota, South Dakota, Ohio, Michigan, Missouri, Illinois, Indiana, and Wisconsin. (Eleven States).

Possible custodians include, but are not limited to, the U.S. Immigration and Customs Enforcement ("ICE"), ICE Office of Professional Responsibility ("OPR"), Office of Detention and Oversight ("ODO"), and ICE's Office of Acquisition Management.

Requester seeks responsive electronic records in a machine-readable, native file format, with all metadata and load files. Requester asks that the records be provided electronically in a text-searchable, static-image format (PDF), in the best image quality in the agency's possession, and that the records be provided in separate, Bates-stamped files. If codes are employed, please also produce any documents in your possession explaining the codes employed, and what they signify.

If under applicable law any of the information is considered exempt, we request a Vaughn index describing each withheld document and any segregable information with sufficient specificity to enable us to determine the propriety of your claimed exemption. Please describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided.

### 2. Requester

Prairielands Freedom Fund ("PFF") is a nonprofit organization focused on securing jail release, either through posting immigration bonds or pre-trial bail, for noncitizen detainees. Prairielands also provides information to the public about bond and bail, what they are, and how they work. Additionally, PFF provides public resources for families that have been affected by immigration detention.

2

Ex. 1 - Page 2

### 3. Fee Waiver Request

Requester Prairielands Freedom Fund is an organization that works on behalf of immigrant and indigent communities and seeks that the agency waive all fees associated with this request. ICE "shall" provide the requested documents "without charge" if "[d]isclosure of the requested information is in the public interest . . . and [d]isclosure of the information is not primarily in the commercial interest of the requester." 6 C.F.R. § 5.11(k)(1)(i)–(ii).

In determining whether a request would contribute to the public interest, ICE "will consider" whether the request "concern[s] identifiable operations or activities of the federal government;" whether disclosure is "likely to contribute to an increased public understanding of those operations or activities;" whether the disclosure will "contribute to the understanding of a reasonably broad audience" and the extent to which "the publics understanding of the subject" is enhanced. 6 C.F.R. § 5.11(k)(2)(i)–(iv). Each factor supports a fee waiver here. In addition, a fee waiver also would fulfill Congress' intent in amending the FOIA. *Judicial Watch, Inc. v. Rossoti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (discussing that Congress intended the FOIA to be construed broadly to favor fee waiver for noncommercial requests).

### a) Disclosure of the Requested Information would contribute significantly to the public's understanding of ICE operations in their respective communities

Disclosure of intergovernmental contracts would primarily do two things. It would allow for citizens to know whether ICE has agreements with their local jails, and it would provide a way for them to see exactly what the federal government is doing in their community. The requested information would shed light on ICE's operations in local communities and the effect that their presence has. Citizens of any given municipality have an interest in their own criminal justice system and if such integral aspects of that system like county jails are entering agreements with federal agencies, those citizens have an interest in knowing the extent to which their local law enforcement agencies are cooperating with the federal government. Additionally, while ICE maintains a list of local jails with which they contract, individuals have no way of determining whether the lists are accurate, nor do they have the means to see exactly how their local jails and ICE are working together.

Prairielands Freedom Fund not only intends to use the requested information to ascertain where they may need to be available to provide bond for those detained by ICE but also intends to disseminate the information to affected communities so they may have a better understanding of what is happening in their localities.

Having inspection records and policies which show how ICE decides which jails to contract with would allow for both the community to get a better understanding of the internal operations ICE is conducting in their jails and allow for interested communities to effectively advocate for or against ICE detention facilities operating within their local jails.

### b) Prairielands Freedom Fund is not a commercial requester

3

"A waiver or reduction of fees is justified where the public interest is greater than any identified commercial interest in disclosure." 6 C.F.R. § 5.11(k)(3)(ii). Since PFF has no commercial interest in disclosure, the public interest outweighs their commercial interest.

Prairielands Freedom Fund is a 501(c)(3) nonprofit organization. The organization has no intention of asking for payment or charging any fees for the information requested. Prairielands Freedom Fund is a charity organization and does not ask for compensation from any clients or any other party for services rendered.

PFF will not gain any kind of monetary benefit through disseminating the requested material. Any funds PFF acquires would be merely incidental in the form of donations. Any bond payments which PFF provides are either recouped when the detainee appears for court or relinquished at the expense of PFF if the terms of bond are not met.

### 4. Address for Productions

Please furnish records as soon as they are identified via email to counsel for Requester at kate-goettel@uiowa.edu and by mail to:

Katherine Melloy Goettel
Associate Clinical Professor
University of Iowa College of Law
380 Boyd Law Building
Iowa City, Iowa 52242

Please notify the undersigned in advance if the cost of producing responsive records exceeds $100.00 or you have any questions about this request.

Thank you for your consideration of this request. We look forward to your response within twenty (20) business days, as required by statute. 5 U.S.C. § 552(a)(6)(A)(i).

Sincerely,

/s/ Katherine Melloy Goettel
Alexander Bernard*
Laurel Jenks*
Angela Pandit*
Associate Clinical Professor
University of Iowa College of Law
380 Boyd Law Building
Iowa City, Iowa 52242
Telephone: 319-335-9023
Email: kate-goettel@uiowa.edu

*Counsel for Prairielands Freedom Fund*

**Student Practitioners*

4